UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES L. WILKERSON, *et al.*,                )
                                              )
       Plaintiffs,                       )
                                              )
v.                                            )    No. 3:15-CV-435-TAV-CCS
                                              )
JACK F. BRAKEBILL, *et al.*,                  )
                                              )
       Defendants.                       )
                                              )

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Permit Answers [Doc. 70], filed by Defendants Jack F. Brakebill, Donna Brakebill, the Jack and Donna Brakebill Irrevocable Living Trust, and Dale J. Montpelier (collectively "the Defendants") on January 11, 2016.

By way of background, this action was originally filed in Knox County Circuit Court as case No. 2-65-14 and was consolidated with three other state court actions, Nos. 2-73-14, 1-90-14, and 1-70-14, for the purpose of discovery and motion practice. Prior to federal court removal, the Defendants filed a motion to dismiss the original Complaint, and the Wilkerson Plaintiffs subsequently filed an Amended Complaint. It appears from the instant motion that the Defendants never filed an Answer or other responsive pleading to the Amended Complaint. In the current federal court action, the Wilkerson Plaintiffs have moved to dismiss [Doc. 58] the Counter-Complaint [Doc. 27] filed by the Defendants, citing that the Counter-Complaint should be dismissed as procedurally defective because the Defendants never filed an Answer to the Amended Complaint.

Based upon the position of the Wilkerson Plaintiffs in their motion to dismiss, the Defendants filed three separate Answers [Docs. 66, 67, & 68] followed by the instant motion [Doc. 70] on January 11, 2016. While the Defendants disagree that their Counter-Complaint is defective because it did not appear in an Answer, they submit that by filing their Answers now, it would resolve any deficiency alleged in the motion to dismiss. Defendants further argue that it would be unfair and inequitable for the Court to deny the instant motion because this matter should be adjudicated on the merits, rather than the technicalities of the pleadings. The motion requests that the Court enter an order "recognizing their Answers and permitting them to stand." [Doc. 70 at 3]

The Conservatorship for W. Lynn Brakebill, who is named as a third-party Defendant in two of the three Answers [Docs. 66 & 68] filed by the Defendants, filed a response "out of an abundance of caution," stating that to the extent that it would not be waiving its right to later file a motion to dismiss in response to the Answers, it had no objection to the Defendants' motion.

The Wilkerson Plaintiffs also filed a response [Doc. 80], submitting that while the instant motion fails to offer any explanation for why it took the Defendants so long to respond to the Amended Complaint, they do not object to the Court permitting the Defendants to file their Answers so long as the motion is only construed as a request for permission to file the Answers.

The Court observes that the Answers have already been filed in the record and were filed prior to and separately from the instant motion. As such, the Court is unsure what relief the Defendants are seeking. Further, the Court is unsure what the Defendants mean by "recognizing their Answer" or "permitting them to stand." Such statements do not appear to be a proper request for relief.

To the extent that the Defendants' motion should be construed as a motion for leave to file their Answers, the Court finds the motion is procedurally deficient because the Answers were filed prior to seeking, and the Court granting, leave. Federal Rule of Civil Procedure 12(a) permits 21

2

days from the date of service to file an answer. While courts may grant an extension of time for filing, requests made after the time for filing has elapsed may only be granted upon a showing of "excusable neglect" by the moving party. Fed. R. Civ. P. 6(b)(1)(B). The Defendants have undoubtedly filed untimely Answers and have not requested an extension of time or shown excusable neglect. "Pleadings which are not timely filed, and for which the Court has not granted an extension, are routinely stricken." Amick v. Ohio Dep't of Rehab. & Corr., No. 2:09-CV-812, 2011 WL 4055246, at *2 (S.D. Ohio Sept. 8, 2011).

However, given the responsive parties' lack of opposition or request to strike the Answers, as well as the vague nature of the relief sought by the Defendants' motion, the Court finds that no action is required on its part at this time, and the Answers are filed and part of the record. Accordingly, the Defendants' Motion to Permit Answers [**Doc. 70**] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge