UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES L. WILKERSON, *et al.*, )
)
    Plaintiffs, )
)
v. ) No. 3:15-CV-435-TAV-CCS
)
JACK F. BRAKEBILL, *et al.*, )
)
    Defendants. )
)

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are a "Motion of Herbert S. Moncier to Lift Stay and Grant Standing to Appear Personally, or to Intervene, to Move the Court Reconsider Dismissal of Motions to Remand Cases 1-90-14 and 1-170-14 that do not Include Federal Claims; to Oppose Further Delay; or in the Alternative Hear Motions to Disqualify Removing Attorneys; and for Scheduling" [Doc. 92], filed on April 14, 2016, and a "Motion of Herbert S. Moncier to Lift the April 15, 2016 Stay and Grant Standing to Appear Personally, or to Intervene, to Move for Reconsideration of Dismissal of Motions to Remand Cases 1-90-14, 2-73-14 and 1-170-14 that do not Include Federal claims; or, in the Alternative, Hear Motions to Disqualify the Removing Party's Attorneys; and for Scheduling" [Doc. 95], filed on April 29, 2016.

The seminal facts for purposes of this Memorandum and Order are as follows. Chief District Judge Thomas A. Varlan entered an Order [Doc. 90] staying this case on March 11, 2016. In the Stay Order, all pending motions, including the Motion to Remand Knox County Circuit Court Cases 1-90-14 and 2-73-14 Pursuant to 28 § 1447(c) [Doc. 13] and Motion to

Remand Knox County Circuit Court Case No. 1-170-14 [Doc. 16], were denied with leave to refile upon the lifting of the stay.  By Order [Doc. 93] on April 15, 2016, Chief Judge Varlan extended the stay to October 17, 2016.  Mr. Moncier's motions filed on April 14, 2016 [Doc. 92] and on April 29, 2016 [Doc. 95] seek to litigate issues of:  (1) lifting the stay; (2) alternatively permitting him to appear personally or to intervene (*i.e.*, to grant standing) in order to move for reconsideration of the prior dismissal of the motions to remand state court cases 1-90-14 and 1-170-14; and (3) alternatively litigate the disqualification of the removing attorneys prior to any further proceedings.

The bases for denial of the instant motions are as follows.  First, this case and any litigation in this case has been stayed [Docs. 90 & 93].  Accordingly, Mr. Moncier's motions seeking to intervene pursuant to Federal Rule of Civil Procedure 24 in order to litigate new issues and/or litigate prior rulings/dismissals is contrary to, and arguably violative of, the District Court's ordered stay of litigation.

Second, the previously filed motions to remand [Docs. 13 & 16]:  (1) were dismissed on March 11, 2016 [Doc. 90]; (2) Mr. Moncier's request to appear personally or to intervene is for the stated purpose of moving the Court (*i.e.*, filing and litigating a motion) to reconsider the prior dismissal of the motions to remand and thus relitigate that issue, which would again be contrary to (an arguably further violative of) the District Court's ordered stay of litigation; and (3) the motions for remand [Docs. 13 & 16] were not filed by Mr. Moncier, and any request to reconsider by a non-movant would likely be improper.  Further, the District Court's Order staying the case and dismissing all pending motions specifically provided for potential relief by granting leave to refile upon the lifting of the stay (October 17, 2016).  Thus, any request to reconsider at this time is again contrary to the District Court's Order.

Third, Mr. Moncier, who is not a party to this ligation and does not represent any party in this litigation, acknowledges he has no standing at present as the instant motions themselves seek the Court to grant standing. Accordingly, the motions themselves seek to litigate his alleged right to participate (in addition to ligating the issues of lifting the stay and/or the remand issues), which again is contrary to (and arguably violative of) the District Court's ordered stay of litigation.

Finally, although the foregoing reasons are sufficient support for denial of the instant motions, the Court would further note the gravamen of Mr. Moncier's basis for reconsidering the dismissal of the motions to remand the state court cases is that the state cases 1-90-14 and 1-170-14 do not contain any federal claims and Mr. Moncier's claims in his filed "motions" to disqualify the removing attorneys in these state court cases, that the disqualification issues should be decided as a threshold matter. However, the issues of whether state court cases 1-90-14 and 1-170-14 (and 2-73-14) were actually removed by virtue of the removal of state court case 2-65-14 (pursuant to a consolidation order, consolidating all four cases for "discovery and motion practice") was a subject of this litigation, which is now stayed, and the motions to remand (which are now dismissed). Whether these state court cases stand for the proposition alleged by Mr. Moncier and/or whether he is a party to them, or has the alleged interest in these cases (including his alleged personal motions/petitions to disqualify for contempt), or whether such is sufficient for standing or appropriate or sufficient for the Court to rule on, cannot be determined by the Court anyway for the reason noted by Mr. Moncier – that the state court records in these cases were not filed (nor were the alleged/referenced contempt or disqualification petitions/motions). [Doc. 92 at 6]. Nor was such petition attached to Mr. Moncier's motion as he stated. [Doc. 92 at 7].

Any subsequent attempt by Mr. Moncier to further litigate this matter at this time by seeking to rectify these shortcomings, to add to the record, or file new motions whether as new or amended or supplemental motions or pleadings would be further contrary to and violative of the District Court's Stay Order.

Quite simply, this case and further litigation in this case, is stayed. It is now stayed until October 17, 2016. Despite that fact, and in the face of the District Court's Order directly staying such, the efforts of Mr. Moncier – who is neither a party to the instant litigation nor an attorney of record who has appeared for a party in the instant litigation (nor is he an attorney admitted, nor permitted to represent parties, in this Court) – to attempt to litigate new issues or relitigate dismissed issues while this case is stayed is inappropriate, contrary to the Stay Order, is not appreciated, and will not be tolerated in the future.

For all these reasons, the "Motion of Herbert S. Moncier to Lift Stay and Grant Standing to Appear Personally, or to Intervene, to Move the Court Reconsider Dismissal of Motions to Remand Cases 1-90-14 and 1-170-14 that do not Include Federal Claims; to Oppose Further Delay; or in the Alternative Hear Motions to Disqualify Removing Attorneys; and for Scheduling" [**Doc. 92**], filed on April 14, 2016, and the "Motion of Herbert S. Moncier to Lift the April 15, 2016 Stay and Grant Standing to Appear Personally, or to Intervene, to Move for Reconsideration of Dismissal of Motions to Remand Cases 1-90-14, 2-73-14 and 1-170-14 that do not Include Federal claims; or, in the Alternative, Hear Motions to Disqualify the Removing Party's Attorneys; and for Scheduling" [**Doc. 95**], and not well-taken, and the same are **DENIED**.

    **IT IS SO ORDERED.**

    ENTER:
      s/ C. Clifford Shirley, Jr.
    United States Magistrate Judge