UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JAMES J. WILKERSON, JR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-435-TAV-CCS |
| | ) | |
| JACK F. BRAKEBILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiffs' Motion To Lift the Stay for the Purpose of Granting Voluntary Dismissal of the Only Federal Claim and for Remand of this Matter to Knox County Circuit Court Forthwith [Doc. 115]. Defendant Brian Young, doing business as IT Expertise, responded in opposition [Doc. 119], and plaintiffs replied [Doc. 124]. No other defendants have filed responses in opposition to plaintiffs' motion to lift the stay. For the reasons that follow, the Court will grant in part and deny in part as moot plaintiffs' motion.[1]

**I.   Background**

Plaintiffs commenced four related actions in the Circuit Court for Knox County, Tennessee (the "Circuit Court"), on February 4, 2014 [Doc. 119 p. 1; Doc. 1-2 p. 4]. They asserted claims for unlawful interceptions of electronic communications, unlawful disclosures of electronic communications, and use of electronic communications, all

---

[1] Per this Court's October 20, 2016, Order [Doc. 114], the stay was lifted on December 6, 2016. Thus, plaintiffs' motion to lift the stay is moot.

pursuant to Tennessee state law [Doc. 1-1].  The Circuit Court consolidated the four cases for discovery and pretrial motion practice [Doc. 115-1].

On August 31, 2015, plaintiffs amended their complaint in one of the four cases to add a federal claim under the Stored Communications Act [Doc. 115 ¶ 2].  Defendants timely removed that case to this Court on September 28, 2015 [Doc. 1 ¶ 1], and the three other cases were removed "by operation of law by virtue of the consolidation" [*Id.* ¶ 3].  Defendants recommended in their notice of removal, however, that the other cases be severed and remanded [*Id.*].[2]  Prior to their removal, the cases were pending before the Circuit Court for approximately one-and-a-half years, and extensive discovery appears to have been conducted by the parties while before the Circuit Court [Doc. 1-2].

Defendant IT Expertise filed a motion for summary judgment with this Court on September 29, 2015 [Doc. 6].  The Court stayed proceedings on March 11, 2016 [Doc. 90], and the stay was continued on several occasions.  Thus, the only discovery conducted in this matter, while before this Court, was between September 28, 2015, and March 11, 2016—a period of slightly over five months.  While proceedings were still stayed, plaintiffs filed the instant motion to lift the stay [Doc. 115].  Once the stay was lifted on December 6, 2016, defendant IT Expertise refiled its motion for summary judgment [Doc. 116], and it also responded in opposition to plaintiffs' motion to lift the

---

[2] These cases were never severed and remanded.  Multiple motions to remand [Docs. 13, 16] were denied by this Court at the time it stayed the proceedings, with leave to refile upon lifting of the stay [Doc. 90].

stay, addressing plaintiffs' substantive arguments with regard to dismissal of the federal claim and remand of the remaining claims [Doc. 119].

The Court will first evaluate plaintiffs' motion to voluntarily dismiss their sole federal claim, and it will then address plaintiffs' motion to remand.

II.     **Voluntary Dismissal of Federal Claim**

In their motion, plaintiffs assert that they desire to voluntarily dismiss—without prejudice—their only federal claim, under the Stored Communications Act, in order to "facilitate the resolution of these actions, and to maximize efficiency and judicial economy" [Doc. 115 ¶ 5]. They claim that this request is properly considered under Rule 21 of the Federal Rules of Civil Procedure, as they do not request dismissal of the entire action [*Id.* ¶ 6].

IT Expertise, in opposition to plaintiffs' request for voluntary dismissal, argues that Rule 41—rather than Rule 21—applies to plaintiffs' desire to dismiss any portion of their complaint [Doc. 119 p. 3]. IT Expertise asserts that dismissal is inappropriate under Rule 41, as it would suffer "plain legal prejudice" as a result of a dismissal without prejudice [*Id.* at 4].

Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. In contrast, Rule 41 provides for dismissal of an entire action. *See* Fed. R. Civ. P. 41 (addressing "dismissal of actions").

3

The Sixth Circuit "has noted that its precedent is unclear as to the appropriate procedure for dismissing less than all of an action, but has expressly declined to define the scope of Rule 41." *White v. Parker*, No. 1:11-cv-294, 2016 WL 6237962, at *1 (E.D. Tenn. Mar. 18, 2016) (citing *Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir. 2003) ("The Sixth Circuit's interpretation of Rule 41 is unclear. . . . We need not decide the scope of Rule 41 in this instance.")). This Court, as well as other district courts within the Sixth Circuit, however, have recognized that Rule 21 is the more appropriate rule to use when dismissing a single claim. *See CNX Gas Co. v. Miller Energy Res., Inc.*, No. 3:11-CV-362-TAV-CCS, 2014 WL 11638566, at *2 (E.D. Tenn. Jan. 8, 2014) (noting that "district courts in this circuit have consistently applied Sixth Circuit precedent as limiting notices of dismissal to those that eliminate all claims against all defendants" (internal citations omitted)); *Sheet Metal Workers' Nat. Pension Fund Bd. of Trs. v. Courtad, Inc.*, No. 5:12–cv–2738, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013) ("In this circuit, voluntary dismissals under Rule 41(a)(1) are limited to those that dismiss the entire controversy. A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21." (internal citations and quotation marks omitted)); *EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cty.*, No. 12-58-ART, 2012 WL 3644968, at *3 (E.D. Ky. Aug. 24, 2012) (finding that Rule 21 should be used when dismissing less than all of an action, while clarifying that proceeding under either rule makes little functional difference, so long as the court considers potential prejudicial effect to the non-moving parties).

4

Thus, the Court finds it appropriate to apply Rule 21 in this matter, where plaintiffs move to voluntarily dismiss one of several claims. It also finds that, so long as the Court evaluates prejudice to defendants, application of Rule 41, versus Rule 21, would make little functional difference in this instance. Indeed, if the Court chose to apply Rule 41 in this case, the result would be the same.

Pursuant to Rule 21, "courts consider whether allowing withdrawal would be unduly prejudicial to the nonmoving party." *Arnold v. Heyns*, No. 13–14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015). An important difference between dismissal under Rule 41 and Rule 21 is that Rule 41 necessarily involves dismissal of the entire action, rather than merely certain claims. *Crozin v. Crown Appraisal Grp., Inc.*, Nos. 2:10–cv–581, 2:10–cv–764, 2012 WL 139219, at *2 (S.D. Ohio Jan. 18, 2012). "This is a significant distinction, as the prejudice inquiry under Rule 41(a)(2) is designed to protect defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug out from under them by voluntarily dismissing the action." *Id.* When evaluating a motion for dismissal under Rule 21, however, courts should nevertheless consider Rule 41 standards as guidance in evaluating potential prejudice to the non-movant. *Arnold*, 2015 WL 1131767, at *4.

Similar to the Rule 21 analysis, the Sixth Circuit has said that the relevant determination under Rule 41 is whether the defendant would suffer "plain legal prejudice" as a result of the dismissal. *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In evaluating such potential prejudice, the Court should consider factors such

5

as: (1) "the defendant's effort and expense of preparation for trial," (2) "excessive delay and lack of diligence on plaintiff's part in prosecuting the case," (3) "insufficient explanation for the need for dismissal," and (4) "whether a motion for summary judgment is pending." *Id.* "Thus, the existence of a pending motion for summary judgment is a factor that should be considered, but its existence does not mandate a finding of plain legal prejudice." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007). "In general, a motion to dismiss should be granted unless a defendant will suffer plain legal prejudice." *Arnold*, 2015 WL 1131767, at *4.

Here, applying the Rule 21 standard while considering relevant factors under Rule 41, the Court finds that defendants will not suffer "plain legal prejudice" if plaintiffs are permitted to withdraw their federal claim. Plaintiffs desire to withdraw a single claim, rather than the entire action, so any prejudice to defendants is substantially minimized. *See Crozin*, 2012 WL 139219, at *2.

As to the *Grover* factors, first, while defendants have clearly expended significant effort and expense in defense of this action, the vast majority of their effort appears related to the state claims, which plaintiffs do not wish to dismiss. *See Grover*, 33 F.3d at 718. Additionally, the overwhelming bulk of discovery in this action was conducted at the state-court level—as the action has been stayed all but approximately five months while before this Court, and it was before the Circuit Court for over a year-and-a-half. Time and expenses expended by defendants will not go wasted, therefore, as plaintiff

6

does not desire termination of this action but, rather, requests return of the matter to the Court where the majority of defendants' work was effected.

Second, based on the record before the Court, it does not appear that plaintiffs excessively delayed or failed to diligently prosecute this action. *See id.* Indeed, plaintiffs contend that they wish to dismiss the federal claim in order to more efficiently move this action forward [Doc. 115 ¶ 5]. This explanation—plaintiff's desire "to maximize efficiency and judicial economy"—also sufficiently clarifies their need for dismissal of the federal claim. *Grover*, 33 F.3d at 718. Finally, although defendant IT Expertise has filed a motion for summary judgment with this Court [Doc. 116], and that is a factor the Court should consider, "the existence of a pending motion for summary judgment . . . does not mandate a finding of plain legal prejudice." *Rosenthal*, 217 F. App'x at 502. The majority of IT Expertise's memorandum in support of summary judgment [Doc. 117] addresses plaintiffs' state-law claims. Thus, even though this motion is pending, its purpose would only be minimally diminished by dismissal of plaintiffs' federal claim.[3]

In sum, the Court finds that defendants would not suffer plain legal prejudice from dismissal of plaintiffs' claim brought pursuant to the Stored Communications Act, and the Court will, therefore, allow plaintiffs to voluntarily dismiss this claim without prejudice. *See Arnold*, 2015 WL 1131767, at *4.

---

[3] The Court notes that there are other motions for summary judgment pending before the Court [Docs. 120, 121]. The defendants who filed these motions, however, did not respond in opposition to the instant motion [Doc. 115].

### III. Motion to Remand

Plaintiff also moves this Court for an order remanding this action to the Circuit Court for Knox County. As grounds, plaintiff submits that—following dismissal of its claim under the Stored Communications Act—there are no longer any federal claims before the Court, and in such cases, federal courts typically decline to exercise supplemental jurisdiction over state-law claims.

Because the basis for subject matter jurisdiction is determined at the time of removal, dismissing federal claims does not destroy the basis for federal subject matter jurisdiction. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000) (holding that the district court was not divested of subject matter jurisdiction upon the dismissal of the plaintiff's federal claims). But if, as here, the Court "has dismissed all claims over which it has original jurisdiction[,]" then 28 U.S.C. § 1367(c)(3) allows the Court to decline to exercise supplemental jurisdiction over the remaining state-law claims. *Davis v. Fentress Cty.*, 6 F. App'x 243, 251 (6th Cir. 2001).

A district court is empowered with "broad discretion to decide whether to exercise jurisdiction over state law claims." *Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 424 (6th Cir. 2015). In determining whether to retain jurisdiction over state-law claims, courts "balance the values of judicial economy, convenience to the parties, fairness, and comity to state courts." *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011).

8

"Comity to state courts is considered a substantial interest," and the Sixth Circuit "applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed." *Id.* Generally, "when all federal claims are dismissed before trial, the balance of considerations will usually point to dismissing the state law claims, or remanding them to state court if the action was removed." *Id.* at 585.

Here, based on its analysis contained herein, the Court finds that plaintiffs may dismiss their federal claim in this action. Thus, the only remaining claims are brought pursuant to Tennessee state law. These cases were pending in the Circuit Court for over a year, and substantial discovery was conducted while before that court. In contrast, these matters have been stayed for the majority of their time before this Court. Furthermore, plaintiffs "believe that reducing the number of courts involved will increase the chance for a successful settlement" [Doc. 115 ¶ 12].

After balancing values of "judicial economy, convenience to the parties, fairness, and comity to state courts," the Court finds that there are no circumstances present in this case to overcome the "strong presumption against the exercise of supplemental jurisdiction." *Packard*, 423 F. App'x at 584–85. Consequently, the Court declines to exercise supplemental jurisdiction over plaintiffs' remaining state-law claims and will remand this matter to the Circuit Court for Knox County.

## IV. Conclusion

For the reasons set forth herein, the Court will **GRANT in part** and **DENY in part as moot** plaintiffs' Motion To Lift the Stay for the Purpose of Granting Voluntary

9

Dismissal of the Only Federal Claim and for Remand of this Matter to Knox County Circuit Court Forthwith [Doc. 115]. Accordingly, plaintiffs' request to lift the stay in this action will be **DENIED as moot**, plaintiffs' claim under the Stored Communications Act will be **DISMISSED without prejudice**, and this action will be **REMANDED** to the Circuit Court for Knox County, Tennessee. Furthermore, all other pending motions [Docs. 99, 102, 103, 105, 116, 120, 121] will be **DENIED as moot**. The Clerk of Court will be **DIRECTED** to **CLOSE** this action.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE